## CATLIN *vs.* LOWREY.

### *In Error.*

In an action in favour of a Sheriff or other officer, on a receipt for property taken on mesne process, in which is a stipulation to return the property on demand, or pay all costs and damages, the value of the property receipted is the measure of damages.

*Chittenden,*
*January,*
*1824.*

THIS was a Writ of Error brought to reverse a judgment of the County Court for the County of Chittenden, in an action in

*favour* of Heman Lowry Sheriff of Chittenden County plaintiff below *v.* Guy Catlin, on a receipt for property attached on mesne process.

*Chittenden,*
January,
1804.

Catlin
*vs.*
Lowrey.

*Griswold* and *Follet* for the plaintiff in error.

*Thompson* and *Richardson* for the defendant.

The opinion of the Court was delivered by

SKINNER, Ch. J.   From the bill of exceptions in this case it appears, that the plaintiff in error considered himself aggrieved, not by the judgment having been rendered in favour of the defendant in error, on the issue of fact joined to the Court, but by the decision made, as to the proof required of the plaintiff below in the assessment of damages.   From the assignment of errors and the course taken by the counsel in argument, it is evident that the allowance of the bill of exceptions was obtained, supposing it necessary for the purpose of laying the foundation of a writ of error, upon which this Court might be called to decide, whether an officer, having attached personal property on mesne process, and taken therefor the receipt of a third person of the tenor described in the record (and which is the usual form in such cases) can maintain an action without showing special damage.

The undertaking, as expressed in the receipt, is to *redeliver to the Sheriff, when demanded, or pay all cost and damage.* It is said by the counsel for the plaintiff, that, as the promise is in the alternative, that is, to redeliver *or* pay the damage, the person executing the receipt may elect to pay the damage contemplated in the receipt; and this, he insists, is not the value of the property, but only such as the officer may be obliged to pay, by reason of his not having the property ready to be taken upon the execution, that may be issued upon the judgment rendered in the suit, on which the attachment is made.   If the judgment has been otherwise satisfied, or no judgment has been rendered, or no writ of execution has been issued within thirty days from the time of rendering judgment, the officer is discharged from any liability to the plaintiff, and consequently can claim nothing upon the receipt.   The amount of the officer's liability to the creditor is the rule of damages, and must be alleged in the declaration.

There can be no doubt such would be the law, and such ought to

*Chittenden,*
January,
1824.

*Catlin
vs.
Lowrey.*

be the decision in this case, if the liability of the officer attaching was confined to the creditor alone. But his liability extends to the debtor, or the person whose property is attached, as well as to the plaintiff in the suit. He is obliged to return the property, or such part thereof as is not disposed of in satisfying the judgment, if any, to the person from whom it was taken. As he is accountable then in any event, if the property is not rendered, his damage is certain, and of course no special damage need be alleged in pleading. It evidently appears from the tenor of these receipts, that officers intend to secure to themselves a right of action at any time, when they may consider it necessary to demand the property for their own safety. The neglect of the person receipting to return on demand at any time will subject him to damages to the amount of the value of the property. The County Court indeed say, that the plaintiff below is entitled to recover the amount of the judgment rendered in the suit on which the attachment was made, unless the defendant show, that his damage is not to that amount. This undoubtedly was in reference to the judgment's having been for a sum not exceeding the value of the property. Although the rule suggested by the Court is not correct, the judgment in this case, if erroneous, is not to the prejudice of the defendant below. From the record it appears, that this was not the rule by which the damages were ultimately assessed; for the amount of the judgment of Chittenden *v.* Blood far exceeded this judgment, and it is evident the damages here allowed are not to the amount of the value of the property receipted. Judgment of the County Court is affirmed, with six per cent. interest thereon as damages for delay; and single costs will be taxed.